

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-35,660-03

### EX PARTE THOMAS LAMONT MURPHY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W93-40746-N(C) IN THE 195TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of aggravated robbery and sentenced to imprisonment for forty-five years. The Fifth Court of Appeals affirmed his conviction. *Murphy v. State*, 05-93-00831-CR (Tex. App. — Dallas, May 30, 1995, pet. ref'd) (not designated for publication).

The Applicant alleges, among other things, that he has newly discovered evidence of actual innocence in the form of exculpatory evidence that was withheld from the defense prior to trial in

this case.  The State responds to Applicant's allegations, in pertinent part:

> The State believes that further factual investigation is necessary to determine the merit, if any, to applicant's instant habeas allegations.  The State has ordered the appellate records and police files pertaining to applicant's and his co-defendant's case.  Once the State has received these records and investigated applicant's claims, the State will file a supplemental response.

On September 3, 2014, a timely order designating issues was signed by the trial court.  The habeas record was then properly forwarded to this Court pursuant to TEX. R. APP. P. 73.4 (b)(5), but without the designated issues being resolved by the trial court.[1]  We remand this application to the 195th District Court of Dallas County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: April 1, 2015
Do not publish

---

[1] Under TEX. R. APP. P. 73.5, a trial court may request an extension of time to resolve designated issues by filing a motion before the expiration of 180 days from the date of the receipt of the application by the State.